## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**FRANKLIN ABBOTT**                                                    **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 3:25-cv-918-KHJ-MTP**

**WARDEN CHILDRESS**                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Franklin Abbott's Petitions [1] [4] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petitions [1] [4] be dismissed with prejudice.

### BACKGROUND

On May 4, 2017, the District Court of the Virgin Islands revoked Petitioner's probation and sentenced him to a twenty-eight-month term of imprisonment for conspiracy to possess cocaine aboard a vessel. [9-1] at 1, 5. On October 17, 2018, the District Court of Puerto Rico sentenced Petitioner to a one hundred and fifty-one month term of imprisonment for conspiracy to import at least one hundred and fifty kilograms, but less than four hundred and fifty kilograms of cocaine into the United States. [9-1] at 1-2, 5-6. He is serving these terms of imprisonment consecutively. *Id.* at 1.

On December 1, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Petitioner filed a Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he earned First Step Act ("FSA") time credit,[1] which the Bureau

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

of Prisons ("BOP") erroneously refuses to apply to his sentence. The Petition [1], however, was not signed under oath, so the Court ordered Petitioner to submit a signed, verified petition. *See* Order [3].

On March 2, 2026, Petitioner filed an Amended Petition [4] for Writ of Habeas Corpus under 28 U.S.C. § 2241 that was signed under oath but was otherwise identical to his initial Petition [1]. On April 6, 2026, Respondent Warden Childress filed a Response [9], arguing that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action and because Petitioner is ineligible to receive FSA time credits because he is subject to a final order of removal.

Petitioner filed a Reply [10] on April 15, 2026.

## ANALYSIS

### *Final Order of Removal*

The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences and/or prerelease community-based placement. *See* 18 U.S.C. § 3632. Petitioner asserts that he has earned time credits resulting in 365 days towards a sentence reduction and 885 days towards RRC/HC (residential reentry center/home confinement) placement, but the BOP refuses to apply the credits because he is subject to a final deportation order. [4] at 2.

Petitioner argues that the removal order does not make him ineligible for time credits because it is not a final order of removal but an ICE detainer, which "does not exclude you from being FTC eligible." [4] at 3. Indeed, on February 6, 2023, the BOP issued a revised Program

Statement 5410.01, whereby inmates with detainers are eligible to apply earned time credits to their sentences.

Petitioner, however, is not merely subject to a detainer; he is subject to a final order of removal. *See* [9-1] at 11. Along with a declaration from Renee McPherson, a legal assistant at FCC Yazoo City, stating that Petitioner is subject to a final order of removal, Respondent submitted a "Final Administrative Removal Order," issued to Petitioner by an officer for the Department of Homeland Security on April 30, 2024. *See* [9-1] at 2, 11. In the removal order, Petitioner is found to be deportable and is ordered removed from the United States to the Netherlands. *See* [9-1] at 11.

A prisoner subject to a final order of removal is ineligible to apply time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal . . . ); s*ee also Ramos v. Warden*, 2025 WL 1604345, at *2 (S.D. Miss. June 6, 2025) ("despite [petitioner's] reassertions that an immigration detainer does not prevent a prisoner from applying FSA time credits . . ., a final order of removal does"); *Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) ("a prisoner is ineligible to apply time credits if the prisoner is the subject of a final order of removal"); *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024) ("prisoners with final orders of removal remain ineligible to apply [First Step Act] credits"); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025) ("under 18 U.S.C. § 3632, a prisoner is 'ineligible to apply time credits' if he or she is 'the subject of a final order of removal'").

Petitioner further argues that the removal order does not exclude him from applying his time credits because it was "done illegally by an ICE agent" and was not signed by a judge. [4] at 3; [10] at 2. However, courts have determined that removal orders are considered "final orders of

removal" under § 3632 even if they are not specifically called a "final order of removal" or issued by an immigration judge. *See, e.g., Alvarez-Garcia v. Rivers*, 2024 WL 1288662 (N.D. Tex. Mar. 26, 2024) (holding that a petitioner was not entitled to apply earned time credits because he was subject to a "final order of removal" issued by ICE); *Buendia-Caldera v. United States*, 2025 WL 1680020 (S.D. Miss. Mar. 31, 2025) (finding that petitioner was subject to a "final order of removal" even though the order was issued by the Department of Homeland Security and not an immigration judge); *Duarte-Varsquez v. Warden, FCI Beaumont Low*, 2024 WL 4864618 (E.D. Tex. Oct. 28, 2024) (holding that petitioner was not eligible to apply earned time credits because he was subject to a "Notice of Expedited Removal" issued by the Department of Homeland Security).

Because Petitioner is subject to a final order of removal, he has failed to demonstrate that he is eligible to apply First Step Act time credits, and the Petitions [1] [4] should be dismissed with prejudice.

### *Exhaustion*

Even if the Petitions were not subject to dismissal with prejudice because Petitioner is subject to a final order of removal, the Petitions should be dismissed without prejudice for Petitioner's failure to exhaust.

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v.*

*Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [8-1] at 2.

Respondent asserts that Petitioner did not initiate the administrative remedies process, much less exhaust the process. In support, Respondent provides a declaration from Renee McPherson, a legal assistant at FCC Yazoo City, stating that Petitioner did not file any formal requests concerning his earned time credits. *See* [9-1] at 1, 3.

Petitioner provides several reasons for failing to exhaust his administrative remedies. Petitioner argues that exhaustion is not required, that exhausting administrative procedures

would be futile, that exhaustion would take 90 to 120 days and would serve no purposes beyond delay. [4] at 4-5. Petitioner, however, bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62. Here, Petitioner raises general, conclusory allegations about what ordinarily occurs at the prison concerning administrative remedies and the administrative remedy process but does not explain what efforts, if any, *he* made to exhaust his administrative remedies. Moreover, the fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

Petitioner also argues that there is a "predetermined position" or a "predisposition NOT to apply FSA FTC's properly specifically to NON-citizens." [4] at 4; [10] at 1-2. However, "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner merely believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Petitioner also alleges that the Director of BOP issued a memorandum directing BOP staff to "expand" the FSA. [4] at 5; [10] at 3. If such a memorandum exists, it would undermine

Petitioner's argument that exhaustion is futile. According to Petitioner, the BOP Director has specifically directed staff to expand the awarding of FSA credits.

Because Petitioner cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petitions should be dismissed for failure to exhaust, if the Court does not dismiss the Petitions with prejudice.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitions [1] [4] for Writ of Habeas Corpus be dismissed with prejudice, or in the alternative, the Petitions [1] [4] for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 23rd day of April, 2026.

s/ Michael T. Parker
United States Magistrate Judge